IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Halo Acoustic Wear LLC<br><br>                Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE "A"<br><br>                Defendants. | Case No.: 1:20-cv-04248<br><br>Judge: Hon. Steven C. Seeger<br><br>Magistrate Judge: Hon. Jeffrey T. Gilbert |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT TO
DISMISS UNDER FED. R. CIV. P. 4, 12 (b)(5), AND TO OPPOSE
PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Defendant Azzker, through its operator Shenzhen Vanergy Technology Co., Ltd. (hereinafter, "Azzker"), submits this memorandum of law in support of its motion to dismiss based on improper service. Because the service of process was improper due to the non-compliance with the Hague Service Convention and the service and Defendant was not served within the time limit after the complaint was filed, the complaint against Defendant should be dismissed, and the preliminary injunction should not be granted.

**BACKGROUND**

The plaintiff sued hundreds of different online entities, which operated stores within Amazon. One of defendants, Azzker, moves this court to dismiss the complaint for improper service, and that service and Defendant was not served within the time limit after the complaint was

1

filed and deny the motion for entry of a preliminary injunction as to Azzker's asset and user account.

## ARGUMENT

**A.     Defendant Azzker was not served within the time limit after the complaint was filed prescribed by the Federal Rule of Civil Procedure.**

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Although Rule 4(m)'s deadline for serving process within 90 days does not apply to service in a foreign country, this exception does not apply if the Plaintiff did not attempt to serve the defendant in the foreign country. *USHA (India) Ltd. v. Honeywell Int'l*, 421 F.3d 129, 134 (2d Cir. 2005). Further, when the foreign country exception to Rule 4(m)'s time limit applies, courts generally use a flexible due diligence standard to determine whether service of process was timely. The plaintiff bears the burden of proving that it exercised due diligence in attempting to serve the defendant.

The rationale for excluding international service of process from the 90-day time limit imposed by Rule 4(m) is that such international service of process in a foreign country generally requires more than the time set by Rule 4(m). *See* Committee Notes on Rules-2016 Amendment.

Here, Plaintiff filed the complaint on July 19, 2020 [Dkt. 1], however, Certificate of Service [Dkt. 31] was filed on January 12, 2021. According to Summons Returned Executed by Halo Acoustic Wear LLC [Dkt. 30] and Certificate of Service [Dkt. 31] filed on January 12, 2021, instead of serving Defendants in accordance with international service, i.e., Hague Convention, Plaintiff served Defendants by email. Therefore, the rational for excluding international service of process from the 90-day time limit imposed by Rule 4(m) does not apply here.

Moreover, Plaintiff does not meet its burden of proving that it exercised due diligence in

attempting to serve Azzker because no record indicates that Plaintiff has ever tried to begin the process of serving Azzker in accordance with Hague Convention within the standard 90-day time period.

As a result, the Complaint should be dismissed because of Plaintiff's failure to even try to serve a foreign defendant within the standard 90-day time period.

**B.** **Defendant Azzker was not served with adequate process prescribed by the Federal Rule of Civil Procedure.**

The Lanham Trademark Act does not have a provision allowing extraterritorial service of process. *Webster Dictionary Corp. v. Ginzburg*, 70 F.R.D. 412, 413 (N.D. Ill. 1975); *Mallard v. Mallard*, No. 90 C 3335, 1992 WL 47998, at *2 (N.D. Ill. Mar. 4, 1992). "[T]he plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir. 2005)).

Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed. R. Civ. P. 4(b), 4(c)(1). Defendant, Azzker, is Chinese business entity with no physical presence in the United States. Rule 4(f) authorizes two methods of service at issue here. First, service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders."

Both the United States and China are signatories to the Hague Service Convention. The Hague Service Convention has the force of federal law and limits available methods of service under Fed. R. Civ. P. 4(f)(3). Intended to simplify and standardize serving process abroad,

the Hague Service Convention "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Men*on, 137 S. Ct. 1504, 1507 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Ackermann v.Levine*, 788 F.2d 830, 838 (2nd Cir. 1986).

Service of process by email is inappropriate in our case since (1) the Hague Service Convention is applicable to our case; and (2) Plaintiff failed to serve Azzker properly under the Hague Service Convention.

**1. The Hague Service Convention is Applicable in Our Case since the Plaintiff Can Take Reasonable Effort to Find Moving Defendants' Physical Address.**

Courts look to Article 1 to determine whether the Hague Service Convention applies. *Schlunk*, 486 U.S. at 699. Article 1 specifies the Hague Service Convention's scope. The first sentence states the "Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* (quoting Article 1 of the Hague Service Convention, 20 U.S.T. at 362). Article 1 further states the Hague Service Convention does not apply "where the address of the person to be served with the document is not known." Art. 1, 20 U.S.T. at 362.

Courts have interpreted the second sentence of Article 1 consistently. A plaintiff cannot close its eyes to the obvious to avoid the Hague Service Convention; the plaintiff must make reasonably diligent efforts to learn a defendant's mailing address. *See, e.g., Advanced Access Content Sys. Licensing Admin., LLC v. Shen*, 2018 WL 4757939, at \*4– 5 (S.D.N.Y. Sept. 30, 2018); *Progressive Se. Ins. Co. v. J & P Transp.*, 2011 WL 2672565, at \*3 (N.D. Ind. July 8, 2011) (citing *Opella v. Rullan*, 2011 WL 2600707, at \*5 (S.D. Fla. June 29,

2011)); *Compass Bank v. Katz*, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (collecting and discussing cases).

Azzker uploaded its true and correct address to Amazon.com when it registered its account with Amazon. Decl. of Yi, ¶ 4. Moreover, a true and correct copy of Azzker's business information posted on Amazon.com is attached herein as Exhibit 1. A true and correct copy of business license with certified translation of Azzker's operator Shenzhen Vanergy Technology Co., Ltd. with its address is attached herein as Exhibit 2. Thus, this is not a case "where the address of the person to be served with the document is not known". Plaintiff can obtain Azzker's physical addresses from Amazon.com because Azzker complies with Amazon's requirement that each store needs to provide official registration and thus Amazon has physical addresses of stores operated on it.

Therefore, Plaintiff has failed to carry its burden to show that Azzker's address was unknown. Consequently, the Hague Service Convention applies in this case.

### 2. Plaintiff Failed to Serve Moving Defendants Properly under the Hague Service Convention.

The Supreme Court of the United States has stated that the drafters of the Hague Service Convention intended to prohibit a method of service not mentioned in its text. The Supreme Court took a broad view of the Convention in 1988, holding that it "pre-empts inconsistent methods of service . . . [wherever] it applies." *Schlunk*, *supra*, 486 U.S. at 699. The Court reaffirmed that holding, quoting this language verbatim, in 2017. *Water Splash*, 137 S. Ct. at 1507.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods

allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.*, 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk*, 486 U.S. at 700.

This court has found that China's Article 10(a) objection precludes email service. *Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019), *reconsideration denied in part*, No. 18 CV 2188, 2019 WL 2357011 (N.D. Ill. June 4, 2019). Plaintiff did not take any action to serve AZZKER by any means permitted by the Hague Convention.

Rather, Plaintiff filed motion for electronic service of process based on a declaration and circumstances that are not suitable to this present case. It is true that this Court has allowed precisely email service in the past. See *Strabala v. Zhang*, 318 F.R.D. 81 (N.D. Ill. 2016). However, "email service of [a China-based] online business defendant is warranted when the defendant has no readily discoverable physical address, conducts business over the Internet, and uses email regularly in contacting customers." *Gianni Versace, S.P.A v. Yong Peng, et al.*, No. 18 C 5385, R. 70 at 2; citing *Rio Props., Inc.*, 284 F.3d at 1017-18. Here, unlike the defendant in *Gianni Versace*, Azzker has readily discoverable physical address listed on Amazon web page. Business Info., Exhibit 1. Moreover, the discoverable physical address is the true and correct address of Azzker. *See* Exhibit 2.

For the above stated reasons, Azzker has not been served with process in compliance with the Hague Service Convention as prescribed by the Federal Rules of Civil Procedure. Therefore, Azzker's motion to dismiss Plaintiff's Complaint should be granted with prejudice.

**C.      The Court should not grant preliminary injunction and unfreeze Azzker's asset and account because Plaintiff's Complaint should be dismissed for untimely service and improper service of process.**

It is axiomatic that a federal court may issue an injunction only if it jurisdiction over the parties. *See, e.g., Advanced Tactical*, 751 F.3d at 800 ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant") (citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void and, therefore, we shall 'set aside a default judgment as a per se abuse of discretion if the district court that entered the judgment lacked jurisdiction.'")); *Land-O-Nod Co. v. Bassett Furniture Indus.*, 708 F.2d 1338, 1340 (8th Cir. 1983) (confirming that the court must first have jurisdiction before it may exercise its discretion to issue an injunction); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2941 (1990) ("[T]he Court must have personal jurisdiction over the Party against whom equitable relief is sought"). As shown above, this Court cannot exercise personal jurisdiction over the Chinese defendant's Amazon Store consistent with the United States and Illinois constitutions.

As a result, the preliminary injunction should not be granted because Plaintiff's complaint against Azzker should be dismissed for untimely service and improper service. At a minimum even if the motion is denied, the case for alleged infringement is weak and remains a live issue for summary judgment or trial. This undermines any likelihood of success supporting an injunction.

Dated: January 26, 2021                                          Respectfully submitted,

                                                                 /s/ Tianyu Ju
                                                                 Tianyu Ju
                                                                 GLACIER LAW PLLC

200 E. Randolph Dr., Ste. 5100
Chicago, Illinois 60601
(Tel.): 626-727-8666
(Fax): 626-727-9666
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this January 26, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Declaration and Exhibit 1-2, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 01/26/2021

/s/ Tianyu Ju

Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***